UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,    Case No. 1:05-CR-29-03

    Plaintiff,    Hon. Richard Alan Enslen

v.

JAMES BLANKENSHIP,

**ORDER**

    Defendant.
_____/

This matter is before the Court on Defendant James Blankenship's Motion to Continue Paying the Previous Amount of Restitution Payments. Defendant was convicted of theft of firearms from a federal firearms licensee in violation of 18 U.S.C. § 922(u). The Court sentenced Defendant to 84 months of imprisonment followed by a three year term of supervised release. The Court also ordered Defendant to pay $5,417.01 in restitution, jointly and severally with two co-defendants. In the Court's Judgment of July 21, 2005, the Court ordered "[t]he restitution . . . to be paid in minimum quarterly installments of $25.00 based on IFRB participation, or minimum monthly installments of $20.00 based on UNICOR earnings . . ." (J. 6.)

Defendant contends that, until recently, he paid $40.00 quarterly in restitution. Recently, however, Defendant alleges his family sent him a large amount of money which has caused his quarterly restitution payment to increase pursuant to the Inmate Financial Responsibility Program.[1] Defendant asks this Court to reimpose a $40.00 quarterly restitution payment.

---

[1] The Inmate Financial Responsibility Program was enacted to assist inmates in meeting their legitimate financial obligations. 28 C.F.R. § 545.10. Under this program, inmates must contribute a specified portion of their income or savings to restitution. *See id.*

The Court has the discretion to adjust Defendant's payment schedule because of a material change in his economic circumstances "as the interests of justice require." 18 U.S.C. § 3572(d)(3); *see also* 18 U.S.C. § 3664(f)(2) (directing the court, after determining the amount of restitution, to take into account the defendant's financial condition in preparing the defendant's schedule of payments); 18 U.S.C. § 3664(k) (requiring the defendant to notify the court of changes in his financial condition so that the restitution payment schedule may be adjusted or a demand for immediate payment in full can be made); *United States v. McDaniel*, 398 F.3d 540, 554 (6th Cir. 2005). Defendant bears the burden of demonstrating a change in his financial status. *United States v. Hill*, 205 F.3d 1342, at *1 (6th Cir. 1999); *see also* 18 U.S.C. § 3644(e).

Defendant has proffered no evidence that his financial circumstances have worsened. In fact, it appears Defendant is financially better off now than at the time of sentencing due to the money he has received from his family. *Cf. United States v. Taniguchi*, No. 2:00-CR-050, 2008 WL 222513, at *2 (S.D. Ohio Jan. 25, 2008) (denying the defendant's motion to change his restitution payment schedule based on a lack of changed circumstances). Accordingly, the Court discerns no reason on the present record to interfere with Defendant's restitution payment schedule.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant James Blankenship's Motion to Continue Paying the Previous Amount of Restitution Payments (Dkt. No. 78) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
June 2, 2008  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE